UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**LOFTIN & LEBLANC LLC**                                           **CIVIL ACTION**

**VERSUS**                                                                     **NO. 22-2883-BAJ-RLB**

**AMGUARD INSURANCE CO.**

### ORDER

Before the Court is Plaintiff's Motion to Strike Late-Filed Expert Report. (R. Doc. 55). The motion is opposed. (R. Doc. 56). Plaintiff filed a Reply. (R. Doc. 57).

**I.     Background**

On August 18, 2022, Loftin & Leblanc, LLC ("Plaintiff") commenced this action for recovery under an insurance policy with respect to damages incurred to Plaintiff's business in Lake Charles, Louisiana as a result of Hurricane Laura's landfall. (R. Doc. 1).

On January 25, 2024, this action was reassigned to the Honorable Brian A. Jackson and the undersigned. (R. Doc. 44).

On February 21, 2024, Judge Jackson held a status conference with the parties and reset trial to commence on April 29, 2024. (*See* R. Docs. 44, 48). Although not specifically mentioned in the minute entry, there is no dispute between the parties that Judge Jackson provided AmGuard Insurance Company ("Defendant") with an additional 30 days to conduct discovery with respect to Plaintiff's alleged business income loss. Such an extension is permitted under the good cause standard of Rule 16(b)(4).

There is also no dispute that Defendant served its Third Requests for Production on February 22, 2024, and Plaintiff provided responses on March 12, 2024. (*See* R. Doc. 55 at 4-6;

R. Doc. 56 at 2-3).[1] Furthermore, there appears to be no dispute that this additional discovery pertains to certain rent payments, as well as PPP loans obtained by Plaintiff that were disclosed by Plaintiff's expert on business income loss, Robert Ehlers, on August 14, 2023. (*See* R. Doc. 56 at 2). After obtaining this discovery, Defendant's expert on business income loss, Kaye D. Shelton, provided a supplemental report to Plaintiff on either March 18, 2024 or March 19, 2024. (*See* R. Doc. 55 at 5; R. Doc. 56 at 3).[2]

On March 19, 2024, Plaintiff filed the instant motion, which seeks an order striking as untimely Shelton's supplemental report. (R. Doc. 55). Plaintiff argues that Shelton's supplemental report is untimely because it was provided 244-days after Defendant's original expert report deadline of July 19, 2023 set by Judge James Cain (prior to his recusal) (*see* R. Doc. 11) and was not otherwise provided within 90 days of the April 29, 2024 trial date in accordance with Rule 26(a)(2)(D)(i).

In opposition, Defendant argues that it was not only permitted to provide Shelton's supplemental report but was also required to do so under Rule 26(e)(2). (R. Doc. 56 at 3-4). In addition, Defendant argues that it provided Shelton's supplemental report within the default deadline to provide pretrial disclosures "at least 30 days before trial" under Rule 26(a)(3)(B) and that it was otherwise diligent in providing Shelton's supplemental report given the additional discovery allowed by Judge Jackson. (R. Doc. 56 at 4-5).

---

[1] Neither party attaches a copy of the discovery requests or responses to their filings. While Defendant states that it has provided Defendant's Third Set of Requests for Production as Exhibit B, there is no such exhibit attached Defendant's opposition. (*See* R. Doc. 56 at 2).
[2] Neither party attaches a copy of Shelton's supplemental report to their filings. While Defendant states that it has provided Shelton's supplemental report as Exhibit A, there is no such exhibit attached Defendant's opposition. (*See* R. Doc. 56 at 1).

2

In reply, Plaintiff argues that Defendant was not diligent in seeking the underlying discovery regarding business income loss and otherwise wrongly focuses the Court's attention to the delays caused by the recusals and reassignments of this case. (R. Doc. 57).

## II.    Analysis

Expert disclosures must be made "at the times and in the sequence" ordered by the Court. Fed. R. Civ. P. 26(a)(2)(D). Here, the original Scheduling Order issued by Judge Cain set July 19, 2023 as the deadline for Defendant to provide expert reports, further providing that "[n]o supplemental reports or additional expert witnesses will be permitted outside these deadlines without leave of court upon a showing of good cause." (R. Doc. 11 at 2).

Nevertheless, a party must supplement its expert disclosures when required under Rule 26(e). *See* Fed. R. Civ. P. 26(a)(2)(E). The scope of a supplemental expert report is limited: the party must provide a supplemental report "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not been made known to the other parties during the discovery process or in writing" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A)-(B). "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). "Courts routinely reject untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures and disclosure 'departs from [or] expands upon [the] original report in [any] material respects.'" *Holcombe v. United States*, 516 F. Supp. 3d 660, 670 (W.D. Tex. 2021) (quoting *Sobrino-Barrera v. Anderson Shipping Co.*, No. 09-3642, 2011 WL 5245396, at *3 (S.D. Tex. Oct. 24, 2011)); *see Pratt v. Landings at Barksdale*, No. 09-1734, 2013 WL 5375951, at *2 (W.D. La.

3

Sept. 24, 2013) (striking a declaration after finding that it "contains new opinions, not mere logical extensions, that go beyond those previously presented" and that "appear to be based upon information available prior to the deadline for service of initial expert reports.").

After the reassignment of this action, Judge Jackson found good cause to modify the Scheduling Order by resetting the trial date to April 29, 2024 and providing Defendants with an additional 30 days to obtain discovery with respect to Plaintiff's business income loss. (*See* R. Doc. 48). Defendant's supplemental expert disclosure with respect to the calculation of business income loss is consistent with the extension provided by Judge Jackson and the supplemental disclosure requirements of Rule 26(e). To be clear, Shelton's supplemental report is premised on fact discovery <u>timely</u> obtained by Defendant.[3]

To the extent necessary, the Court finds good cause under Rule 16(b)(4) to further modify the Scheduling Order for the purposes of finding Shelton's supplemental report to be timely. Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x. 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

---

[3] Plaintiff argues that the additional calculations found in Shelton's supplemental report regarding Plaintiff's business income loss "was available to Defendant years ago and was never requested until well after the expert report deadline and after the original trial date passed." (R. Doc. 55 at 6 n.1). Nevertheless, Judge Jackson found good cause to allow Defendant to seek this information after reassignment of this case. Accordingly, the additional calculations in Shelton's supplemental report are premised on <u>timely</u> obtained discovery.

4

Here, Judge Jackson allowed additional discovery with respect to Plaintiff's business income loss. Within the brief time allowed, Defendant was diligent in (1) obtaining additional discovery regarding Plaintiff's business income loss and (2) providing a supplemental report with respect to this new information. There is no dispute that Shelton's updated calculations of business income loss are important to Defendant. In addition, Plaintiff has made no showing that Shelton's supplemental report will preclude this action from being ready for trial on April 29, 2024. At any rate, this Order modifies both the expert report deadline in the original Scheduling Order and the default deadline provided by Rule 26(a)(2)(D)(i).

Plaintiff will not be unduly prejudiced by Shelton's supplemental report. Defendant has offered to make Shelton available to appear for an additional deposition during the week of March 18, 2024, which Plaintiff has declined. (*See* R. Doc. 56 at 5). Given the disposition of this ruling, and to minimize any prejudice, the undersigned will provide Plaintiff another opportunity to depose Shelton regarding the supplemental report. Furthermore, within 14 days from the date of this Order, Plaintiff may produce to Defendant any rebuttal report to the extent it "is intended solely to contradict or rebut evidence on the same subject matter" addressed in Shelton's supplemental report. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii).

The foregoing findings and extensions of deadlines will not require a continuance of the trial date.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Strike Late-Filed Expert Report (R. Doc. 55) is **DENIED**. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Plaintiff may depose Kaye D. Shelton with respect to the supplemental report within **7 days** of the date of this Order, or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiff shall provide Defendant, within **14 days** of the date of this Order, any rebuttal to Shelton's supplemental report.

Signed in Baton Rouge, Louisiana, on March 28, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**