UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---:|
| LOFTIN & LEBLANC LLC | CIVIL ACTION |
| VERSUS | |
| AMGUARD INSURANCE CO | NO. 22-02883-BAJ-RLB |

**RULING AND ORDER**

This is a commercial insurance dispute. Plaintiff, law firm Loftin & LeBlanc LLC, filed suit against its insurer, Defendant AmGuard Insurance Co, on August 18, 2022, raising claims of breach of contract and bad faith under Louisiana law related to damage allegedly sustained by Plaintiff's business property during Hurricane Laura, which struck Louisiana on August 27, 2020. (Doc. 1). The case was assigned to Judge James D. Cain Jr. of the Western District of Louisiana. On August 3, 2023, Defendant moved for partial summary judgment on Plaintiff's bad faith claims, arguing that it timely issued payment following a reasonable investigation of Plaintiff's claim for coverage. (Doc. 17). On August 24, Judge Cain denied Defendant's Motion for Partial Summary Judgment, holding that a jury should decide whether Defendant acted in bad faith when it initially paid out less than its adjuster recommended. (Doc. 21). On October 27, Judge Cain recused himself from the case. On January 25, 2024, following a determination that a district-wide recusal was necessary, (Doc. 43), this matter was reassigned to the undersigned Judge, (Doc. 44).

Now before the Court is Defendant's **Motion for Reconsideration (Doc. 39, the "Motion")** of the Court's denial of Defendant's Motion for Partial Summary

Judgment. The Motion was filed after Judge Cain recused himself but before the case was reassigned to the undersigned Judge. Because Defendant makes nothing more than a conclusory attempt to support its request for a remedy that should only be applied in "extraordinary circumstances," *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (quotation omitted), Defendant's Motion for Reconsideration will be denied.

Pursuant to Federal Rule of Civil Procedure 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). While the rule provides that "[a] motion under Rule 60(b) must be made within a reasonable time," there is no express deadline for a Rule 60(b)(6) motion. Fed. R. Civ. P. 60(c). Relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005). Determining whether such circumstances are present may include consideration of a wide range of factors, including "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863–864.

Here, Defendant makes no attempt whatsoever to explain why the facts of this case justify the extraordinary remedy it seeks beyond the conclusory statement that "extraordinary circumstances exist and are apparent" because there is "a risk of injustice to AmGUARD and a risk of undermining the public's confidence in the judicial process." (Doc. 39-1 at 6). This failure dooms the Motion. Moreover, because Defendant spends half its Motion rehashing the arguments it made at summary

2

judgment, (*id.* at 6–11), it seems clear that Defendant is taking advantage of the unusual procedural history of this case to try its luck before a new judge.

Moreover, on the Court's own independent attempt to fill in the gaps in Defendant's Motion, the Court finds no evidence of bias or unfair treatment that would indicate that Judge Cain favored one party over the other. To the contrary, a review of the record shows a firm basis for Judge Cain's findings and conclusions supporting his decision that material facts remained in dispute regarding Plaintiff's bad faith claim. Nor does the Court believe that the public's confidence in the judicial process will be undermined by denying relief in this case. Again, the record supports Judge Cain's findings and conclusions. *See Roberts v. Wal-Mart Store Stores*, No. 6:15-CV-00119, 2022 WL 141677, at *3 (W.D. La. Jan. 14, 2022), *aff'd sub nom. Roberts v. Wal-Mart Louisiana, L.L.C.*, 54 F.4th 852 (5th Cir. 2022) (denying motion for reconsideration of judgment dismissing case due to judge's failure to recuse herself when a new judge's independent review of the record supported the prior judge's conclusions). Additionally, Defendant waited nearly three months after Judge Cain's recusal to file its Motion, although if extraordinary circumstances were as "apparent" as Defendant claims, (Doc. 39-1 at 6), one would expect it to have moved for reconsideration immediately after the case was reassigned, or better yet, while Judge Cain remained on the case.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Reconsideration (Doc. 39)**

be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 8th day of April, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA**

4